Maria Elena CONKLIN, also known as Maria Elena Alonso, also known as Maria Elena Sierra, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 09–60767
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 2010.

---

Themistoklis E. Aliferis, Esq., Immigration Law Office of Sammy Aliferis, Miami, FL, for Petitioner.

Janette Louise Allen, Esq., Trial Attorney, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Maria Elena Conklin, a citizen of Honduras, has filed a petition for review of a decision of the Board of Immigration Appeals. The BIA agreed with an immigration judge's denial of her motion to reconsider its prior denial of her motion to reopen the proceedings. We DISMISS the petition for review.

Conklin entered the United States at Miami as a non-immigrant student in 1981. The following year, she adjusted her status to lawful permanent resident after marrying a United States citizen. In 1985, Conklin was convicted of embezzlement. In October of 1986, proceedings for her removal began. After multiple changes of venue, Conklin finally appeared with counsel at a deportation hearing in New Orleans in May 1987. Conklin conceded that she could be removed but requested a waiver under then-applicable law. This led to the eventual scheduling of a new hearing just on the waiver grounds.

On October 7, 1987, a hearing concerning the waiver was held. Although Conklin did not attend the hearing, her attorney was present. The immigration judge determined that Conklin was properly served, had been notified of the time and place of the hearing, and had failed to appear without just cause. The immigration judge held that grounds for her removal were established by clear and convincing evidence at the May 1987 hearing. Since Conklin failed to appear at the hearing on the waiver, she did not establish her eligibility for discretionary relief. Therefore, the application for a waiver was denied, and Conklin was ordered removed.

Conklin nonetheless remained in the United States. In 2004, she applied in Miami to become a naturalized citizen. She asserted that she had never been excluded or deported and that she had never applied for any relief from exclusion or deportation. Her application was denied in light of the October 7, 1987 deportation order and accompanying warrant of deportation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On May 13, 2008, over twenty years after being ordered deported, Conklin filed a motion in immigration court in New Orleans to reopen her proceedings. As a basis, Conklin claims that she did not receive proper notice of the October 7, 1987 hearing on her waiver application, the in absentia order, or the warrant of deportation. The immigration judge denied Conklin's motion to reopen, and later denied her motion to reconsider the denial. The BIA affirmed.

Before this court, Conklin contends that the immigration judge erred by applying an "exceptional circumstances" standard to her motion to reopen instead of the "reasonable cause" standard that applies in deportation proceedings initiated before 1992. She asserts that she meets the reasonable cause test because confusing circumstances caused her to miss her deportation hearing in 1987. In addition, Conklin asserts that the immigration judge erred by deciding her motion to reconsider based upon a reconstituted record after the original record was destroyed. She argues that the reconstituted record did not provide enough factual information to support a proper determination on the motion to reopen and that the record would have been more complete if she had received an evidentiary hearing. Conklin also contends that the BIA erred in finding that her motion to reopen was time barred because there is no time limitation for a motion to reopen when the deportation order was issued before June 13, 1992.

Section 1252 of Title 8 prohibits this court from reviewing a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir.2004). An alien fails to exhaust administrative remedies for an issue when that issue "is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen." *Roy*, 389 F.3d at 137 (internal quotation marks and citation omitted). Because Conklin did not raise these claims initially before the BIA, we lack jurisdiction to consider them. *See* § 1252(d)(1); *Roy*, 389 F.3d at 137.

The petition for review is DISMISSED.